IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Michael C. Gensel,<br><br>                  Plaintiff,<br><br>vs.<br><br>Southern Health Partners, Dr. Bush,<br>Phillip E. Thompson, Tom Fox, and<br>Dr. Watford,<br><br>                  Defendants. | Civil Action No. 6:12-480-MGL-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

        The plaintiff, appearing *pro se*, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. In his complaint, he alleges that the defendants were deliberately indifferent to his serious medical needs with regard to treatment of his broken arm that he re-injured while incarcerated in the J. Reuben Long Detention Center in Conway, South Carolina.

        Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

        On June 13, 2012, defendant Southern Health Partners filed a motion for summary judgment (doc. 42). By order of this court filed on June 14, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. The plaintiff's response was due on or before July 19, 2012. On July 10, 2012, the plaintiff was granted an extension through August 10, 2012, to respond to the motion. The plaintiff did not file a response.

        On July 30, 2012, defendants Tom Fox and Phillip E. Thompson filed a motion for summary judgment (doc. 66). This court issued another *Roseboro* order on July 31,

2012, giving the plaintiff until September 4, 2012, to respond to the motion for summary judgment. On August 16, 2012, the plaintiff was granted an extension of time to respond to this motion for summary judgment through September 6, 2012.

Because the plaintiff did not file a timely response to the first motion for summary judgment, the court filed a second order on August 16, 2012, giving the plaintiff through September 6, 2012, to file his response to the motion for summary judgment by Southern Health Partners. The plaintiff was specifically advised that if he failed to respond, this action would be subject to dismissal for failure to prosecute. The plaintiff did not file a response.

On August 24, 2012, defendant Dr. Watford filed a motion for summary judgment (doc. 84). On the same day, the court issued a *Roseboro* order, giving the plaintiff until September 27, 2012, to file his response to this third motion for summary judgment. The plaintiff did not file a response.

On August 31, 2012, the plaintiff filed a document captioned as a response to motion for summary judgment (doc. 87). However, this document is not a response as it only contains requests for appointment of counsel and for extension of time. On September 7, 2012, the plaintiff's requests for counsel were denied (doc. 101).

On September 5, 2012, defendant Dr. Bush filed a motion for summary judgment (doc. 93). A *Roseboro* order was issued on the same day, giving the plaintiff through October 12, 2012, to respond to this fourth motion for summary judgment. The plaintiff did not respond.

On December 17, 2012, the court issued an order giving the plaintiff through January 7, 2013, to respond to the four motions for summary judgment filed in this case (docs. 42, 66, 84, and 93). The plaintiff was again advised that if he failed to respond, his case would be subject to dismissal for failure to prosecute. The plaintiff has not filed a response.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect or inaction, and not that of an attorney, that no responses have been filed. Meanwhile, the defendants are left to wonder when the action against them will be resolved. The plaintiff has not responded to the defendants' motions for summary judgment or the court's multiple orders requiring him to respond. Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). *See Ballard*, 882 F.2d at 95.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

January 9, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.