IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michael C. Gensel,    ) | Civil Action No.: 6:12-480-MGL |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | **O R D E R** |
| ) | |
| Southern Health Partners, Dr. Bush,    ) | |
| Phillip E. Thompson, Tom Fox, and Dr.    ) | |
| Wafford,    ) | |
| ) | |
| Defendants.    ) | |
| _____   ) | |

Plaintiff Michael C. Gensel ("Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on February 27, 2012, alleging violations of his constitutional rights while incarcerated in the J. Reuben Long Detention Center in Conway, South Caorlina. (ECF No. 1.) Plaintiff is currently incarcerated at the Kirkland R & E Center. This matter is now before the court upon the Magistrate Judge's Report and Recommendation filed on January 9, 2013, recommending this case be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on the grounds that Plaintiff failed to prosecute the case. (ECF No. 112.)  More specifically, Plaintiff has failed to comply with multiple Orders of this Court issued on June 14, 2012 (ECF No. 43), July 31, 2012 (ECF No. 72), August 16, 2012 (ECF No. 75), August 24, 2012 (ECF No. 85), September 5, 2012 (ECF No. 94), and December 12, 2012 (ECF No. 107), directing Plaintiff to respond to the four Motions for Summary Judgment filed on June 13, 2012 (ECF No. 42), July 30, 2012 (ECF No. 66), August 24, 2012 (ECF No. 84), and September 5, 2012 (ECF No. 93).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald, for pretrial handling.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. Plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 112 at 4.) However, he has not done so and objections were due on January 28, 2013. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
January 31, 2013